IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JOHN CHEN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-98 |
| | : | |
| DONNA ZICKEFOOSE, ET AL., | : | (Judge Brann) |
| | : | |
| Respondents | : | |

**MEMORANDUM**

January 28, 2014

**Background**

This pro se habeas corpus action pursuant to 28 U.S.C. § 2241 was initiated

by John Chen, an inmate presently confined at the Allenwood United States

Penitentiary, White Deer, Pennsylvania (USP-Allenwood).  For the reasons

outlined below, Petitioner will be granted leave to proceed in forma pauperis for

the sole purpose of the filing of this matter, however, his petition will be denied

without prejudice to any right Chen may have to reassert his present claims in a

properly filed civil rights complaint.

Named as Respondents are the following USP-Allenwood officials: Warden

Donna Zickefoose; Special Agent Heath; and SIS Officer Jenkin.[1]   Chen states

that he is presently serving a 113 month federal sentence which was imposed by

the United States District Court for the Southern District of New York.  According

to his Petition ,Chen is "trying to work out a Rule 35" with the United States

Attorney's office.[2]  Doc. 1, p. 2.

In conjunction with his Rule 35 effort, Petitioner allegedly mailed a letter to

a United States Secret Service agent in the New York field office on January 8,

2014.  Chen describes the letter was being marked "Special Mail" which should

have prevented it from being opened and read by prison officials.  Id.

The next day, Petitioner's letter was returned to him by the USP-Allenwood

mail room with a note stating that the letter had to include a USP-Allenwood

return address in order for it to be delivered by the Postal Service.  Chen states

that his envelope was no longer sealed.  Petitioner alleges that SIS Jenkin was in

the habit of opening and reading all of Chen's incoming and outgoing mail and

was actually assigned to do so.  The Petitioner claims that the interference with his

January 8, 2014 letter delayed his correspondence with federal officials and

---

[1]   SIS presumably refers to Special Investigative Services.

[2]  Petitioner is apparently referencing Federal Rule of Criminal Procedure 35(b) which allows a federal criminal defendant to obtain a sentence reduction for providing substantial assistance to law enforcement authorities in the investigation and prosecution of another person.

"perhaps" has undermined his effort to obtain relief under Rule 35. <u>Id</u>. at p. 3. As relief, Chen seeks his immediate release and a court order barring prison officials from opening and reading his outgoing mail to his attorney as well as state and federal law enforcement officials.

**<u>Discussion</u>**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). <u>See</u>, <u>e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." <u>Gorko v. Holt</u>, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Chen does not set forth a viable claim of entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on the grounds asserted in his petition, Petitioner challenges only the legality of the handling of his outgoing mail by USP-

Allenwood officials.[3]

The Petition does not allege that the purportedly improper actions taken by prison officials included a loss of good time credits or otherwise extended the length of Chen's confinement.  Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Chen's incarceration.  See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241).

It is additionally noted that Petitioner previously filed two similar  habeas corpus actions with this Court, Chen v. Zickefoose,  Civil No. 4:13-CV-2093 & Chen v. Zickefoose,  Civil No. 4:13-CV-1996.   Those actions requested that prison officials be directed to restore his e mail privileges and remove him from the prison's mail monitoring list.  Petitioner's earlier actions were dismissed without prejudice to any right Chen had to reassert his claims in a properly filed civil rights complaint.  Pursuant to the above discussion, habeas corpus is likewise not an appropriate or available federal remedy with respect to Chen's latest similar attempt to obtain habeas corpus relief .  See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

---

[3]    There are no facts presented which could establish that the brief one time delay in the sending of Petitioner's letter or any institutional mail monitoring actually adversely affected his efforts at obtaining relief pursuant to Rule 35.

Consequently, the petition will be denied as meritless without prejudice to any

right Chen may have to reassert his present claims in a properly filed civil rights

complaint.[4]  See  David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5

(June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No.

4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and

Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D.

Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee

requirements of the PLRA [Prison Litigation Reform Act], his claims will be

dismissed, without prejudice, as they are not habeas corpus claims, but rather

claims relating to the conditions of his confinement that should more appropriately

be brought under the Civil Rights Acts.").  An appropriate Order will enter.


BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4]  In this regard, this Court expresses no opinion as to the merits, if any, of any
civil rights claim Chen may file based upon the facts asserted herein.